Johnny WARREN *v.* STATE of Arkansas

CR 03-21                                            120 S.W.3d 88

Supreme Court of Arkansas
Opinion delivered June 30, 2003

*Gina Reynolds*, for appellant.

No response.

P ER CURIAM. On February 20, 2003, the attorney for Johnny Warren, Gina Reynolds, requested reconsideration of the court's January 23, 2003 per curiam, wherein we directed Ms. Reynolds to file an affidavit within thirty days from the opinion accepting fault for not timely filing the record in this case. Ms. Reynolds stated that Mr. Warren had refused to communicate with her, that he told her he did not wish to appeal, and that she was not notified of Mr. Warren's pro se notice of appeal. Mr. Warren responded that he did ask Ms. Reynolds to appeal and that he did not refuse to communicate with Ms. Reynolds after trial. In a per curiam dated March 20, 2003, this court remanded the matter to the trial court for a hearing to settle the record in order to determine whether Mr. Warren requested Ms. Reynolds to file a notice of appeal and whether there had been compliance with Rule 16, Arkansas Rules of Appellate Procedure—Criminal.

The trial court held a hearing on April 8, 2003 and entered its findings of fact in the case, entitled "Gina Reynolds' Proposed Findings of Fact," on April 18, 2003. The transcript of the trial court's hearing was filed with this court on April 21, 2003, however, the transcript did not contain the findings of fact. On May 8, 2003, we remanded, once again, directing that a written order setting out the trial court's findings be returned to this court. Apparently, the trial court's original findings of fact were eventually filed with this court on May 30, 2003, after this court had already remanded this case a second time for written findings. The amended findings of fact after the second remand were filed on June 6, 2003.[1] The trial court concluded that Mr. Warren did not instruct Ms. Reynolds to file an appeal and that Ms. Reynolds had complied with the requirements of Rule 16. Accordingly, we adopt the trial court's findings. We also grant the motion for reconsideration, and relieve Ms. Reynolds as attorney for Mr. Warren. Because Mr. Warren has failed to file a timely record in this appeal, we allow him forty-five days from the date of this per curiam to show why his appeal should not be dismissed.

CORBIN, J., not participating.

---

[1] The amended findings of fact corrected a clerical error in the listing of counsel for the State from Emily White to Hugh Finkelstien.